IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

KAYLA A. GRIFFITTS,                )
                                   )
    Plaintiff,                    )
                                   )
v.                                 )    Case No. 25-cv-3231
                                   )
WALMART, INC., et al.              )
                                   )
    Defendants.                   )

## OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is Defendant Lauren N. Maschoff's Motion to Dismiss (Doc. 4) Counts III and IV of the Complaint for fraudulent joinder and Defendant Tabitha L. Resler's Motion to Dismiss (Doc. 7) Counts V and VI of the Complaint for fraudulent joinder. Plaintiff Kayla Griffitts alleges she suffered severe injury after she slipped and fell from water or other liquid on the floor of a Walmart store. She further alleges Defendants Maschoff and Resler were managing employees of Walmart and responsible for her injuries under theories of premises liability and general negligence. Defendants removed the action to federal court based on diversity jurisdiction.

**I.     DISCUSSION**

A district court may "at any time, on just terms," dismiss a fraudulently joined party. Fed. R. Civ. P. 21. Under the fraudulent joinder doctrine, a plaintiff cannot defeat a defendant's right of diversity removal merely by joining "a nondiverse defendant [to

the action] against whom the plaintiff's claim has no chance of success." *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013) (quotation omitted) (collecting cases); 28 U.S.C. § 1441(b)(2). Here, Defendants Maschoff and Resler are citizens of Illinois along with Plaintiff which defeats Walmart's right of removal. 28 U.S.C. § 1332(a)(1). Thus, the relevant question is whether Maschoff and Resler were properly joined or *fraudulently* joined to defeat diversity jurisdiction. "A removing defendant must show that, after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant[s]." *Morris*, 718 F.3d at 666 (quotation omitted) (emphasis in original). If that burden is met, the court may retain its federal jurisdiction by dismissing the nondiverse, fraudulently joined defendants from the case. *Id.* The Court turns to Illinois state law to determine Plaintiff's chance of success against Maschoff and Resler. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 764 (7th Cir. 2009).

Plaintiff asserts theories of premises liability and general negligence against both Maschoff and Resler. Under Illinois law, "[a]n agent's breach of a duty owed to the principal is not an independent basis for the agent's tort liability to a third party." *Bovan v. Am. Family Life Ins. Co.*, 386 Ill. App. 3d 933, 942 (1st Dist. 2008) (quoting Restatement (Third) of Agency § 7.02, at 138 (2006)). Only an agent's breach of his *own* duty owed to the third party may give rise to his liability. *Id.* Thus, to hold Walmart's agents Maschoff and Resler liable in tort, Plaintiff must have alleged "an independent duty" Maschoff and Resler owed to Plaintiff when she fell. *Schur*, 577 F.3d at 766.

Maschoff and Resler each principally rely on the fact that, at the time of the incident, they were not employed at the Walmart store and had no employment duties or responsibilities with the store. (Docs. 5; 7-1). This, by itself, mandates dismissal of both Maschoff and Resler as there is no reasonable possibility — after resolving all issues of law and fact — Plaintiff can establish a *prima facie* case for either claim against either party. *Schur*, 577 F.3d at 764; *Hutson v. Pate*, 2022 IL App (4th) 210696, at *39, *43–44 (*prima facie* cases for general negligence and for premises liability include showing "the defendant owed plaintiff a duty"); *Faucett v. Ingersoll-Rand Mining & Machinery Co.*, 960 F.2d 653, 655 (7th Cir. 1992) ("Minor's uncontradicted affidavit, essentially stating that he has absolutely nothing to do with any roof-bolters at the Peabody Mine, is sufficient to establish fraudulent joinder."). Obviously, Maschoff and Resler could not owe a duty to Plaintiff if they did not work at Walmart during the time in question.[1]

Even assuming Maschoff and Resler were employed at the store at the time, Plaintiff has still not alleged that they owed her a duty independent from the duty they owed to Walmart. Plaintiff's allegations against Maschoff and Resler are substantively identical to her allegations against Walmart, apparently copied and pasted from one count to the next. *Schur*, 577 F.3d at 766 (under Illinois law, plaintiff must allege agent owed duty to third party independent from principal); *see also Brady*, 2017 U.S. Dist. LEXIS 6616, at *5 ("Some allegations, such as the failure to maintain the premises in a

---

[1] The Court notes that Plaintiff did not respond to either motion to dismiss (or the notice of removal) and has not argued against Defendants on this matter or otherwise rebutted the affidavits.

reasonably safe condition . . . clearly could not generate liability for individual employees. However, others, such as the failure to properly stack the wood or tie down the product, could present individual liability for the negligently stacking or tying employee."); *Roh v. Starbucks Corp.*, No. 13 C 8865, 2015 U.S. Dist. LEXIS 5754, at *2–3 (N.D. Ill. Jan. 14, 2015) (allegation that store manager "was responsible for overseeing the safety, maintenance, and operations of the area . . . where accident occurred" insufficient for negligence theory under *Twombly*). Neither Maschoff nor Resler were alleged to have been an "active tortfeasor" in the incident that could have given rise to any independent duty found owing to Plaintiff. *Schur*, 577 F.3d at 766 (agent liable only when "agent's conduct" breaches independent duty owed to third party) (collecting Illinois cases); *see also Brady*, No. 16-CV-7509, 2017 U.S. Dist. LEXIS 6616, at *4–6 (citing *Likens v. Menard, Inc.*, No. 15 C 2959, 2015 U.S. Dist. LEXIS 83647, at *9–10 (N.D. Ill. June 26, 2015) (finding "Likens has alleged that the employee was an active participant in the accident that caused the injury" and therefore Likens has presented a sufficient possibility of recovery against the employee)).

Defendants have demonstrated that Plaintiff has no chance of recovery in her claims against Maschoff and Resler. Therefore, the Court finds that Maschoff and Resler were fraudulently joined in this action for the purpose of avoiding federal jurisdiction. Defendants Maschoff and Resler are hereby dismissed, and the Court retains its subject matter jurisdiction over the case under 28 U.S.C. § 1332(a).

## II.    CONCLUSION

Based on the foregoing reasons, Defendant Lauren N. Maschoff's Motion to Dismiss (Doc. 4) and Defendant Tabitha L. Resler's Motion to Dismiss (Doc. 7) are GRANTED. Counts III, IV, V, and VI of the Complaint are dismissed. Defendants Maschoff and Resler are dismissed as parties to the action pursuant to Federal Rule of Civil Procedure 21.

ENTER: 3/4/2026

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE